[No. A037048. First Dist., Div. Five. Oct. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMIRO LEMOS GUTIERREZ, Defendant and Appellant.

COUNSEL

C. Wallace Coppock for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KING, J.—In this case we hold the sentencing court erred, though harmlessly, in finding a child molester ineligible for probation on the ground the defendant, a relative of the victim, did not reside with her.

Ramiro Lemos Gutierrez appeals from a judgment of imprisonment for 3 counts of lewd and lascivious conduct upon a child under 14 years old (Pen. Code, § 288, subd. (a)) and 1 count of oral copulation with a child under 14 years old and more than 10 years younger than him (Pen. Code, § 288a, subd. (c)). We affirm.

Gutierrez was 20 years old at the time of the offenses. The victim, Olivia B., was his nine-year-old first cousin. The offenses occurred over a six-month period in 1985 at the home of Gutierrez's mother, who frequently provided child care for her niece Olivia.

Gutierrez pleaded guilty to the four offenses. He also admitted allegations that he had engaged in substantial sexual conduct with a victim under 11 years old, a factor normally resulting in ineligibility for probation. (Pen. Code, § 1203.066, subd. (a)(8).)

The court ruled Gutierrez was ineligible for probation and sentenced him to twelve years' imprisonment, consisting of a principal six-year term and three subordinate consecutive two-year terms.

Penal Code section 1203.066, subdivision (a)(8), states that a child molester who "has substantial sexual conduct with a victim under the age of 11 years" is ineligible for probation. However, under subdivision (c) of section 1203.066, the probation ineligibility provision is not applicable if the court makes all of the following findings:

"(1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the household.

"(2) Imprisonment of the defendant is not in the best interest of the child.

"(3) Rehabilitation of the defendant is feasible in a recognized treatment program designed to deal with child molestation, and if the defendant is to remain in the household, a program that is specifically designed to deal with molestation within the family.

"(4) There is no threat of physical harm to the child victim if there is no imprisonment." (Pen. Code, § 1203.066, subds. (c)(1)-(4).)

█ The sentencing court determined Gutierrez was ineligible for probation because a psychologist's report concluded he was not a "relative" or "member of the victim's household" within the meaning of subdivision (c)(1). The psychologist's report clearly indicated, however, that Gutierrez and Olivia were first cousins. It stated that "the defendant's mother, Amalia D[.], frequently cared for her niece, Olivia [B.], at that time age 9, with Olivia being the daughter of Mrs. D[.]'s sister, Irene [B.]" By any definition a first cousin is a "relative." Thus the court erred when it found the factor prescribed by subdivision (c)(1) to be absent.

The source of the error appears to be the psychologist's report, which stated this factor was absent because Gutierrez "was not someone who had resided in the same household with the victim." The psychologist must have believed the statute limited a relative's exclusion from probation ineligibility to one "who has lived in the household." This misinterpretation is under-

standable, for subdivision (c)(1) is poorly drafted. But a commonsense reading of subdivision (c)(1) indicates that the phrase "who has lived in the household" was intended to modify only the phrase "member of the victim's household," and not the words "natural parent, adoptive parent, stepparent, relative."

This interpretation is supported by the statute's history. An earlier draft of subdivision (c)(1) required residency "for a substantial period of time but not less than one continuous year, while assuming the role as parent." (Assem. J. (Aug. 10, 1981) p. 6342.) A later draft read, "The defendant is a member of the victim's immediate family including parent, grandparent, aunt, uncle, brother or sister, or is a step-parent, adopted parent, or has been living in the household for a substantial period of time but not less than one continuous year, while assuming the role as a parent." (Assem. J. (Aug. 25, 1981) p. 6998.) These drafts reflect a process of determining when nonrelatives who have a close relationship with the victim should come within the exclusion from probation ineligibility, not an intent to require residency for parents and other relatives. The Legislature's ultimate selection of the concluding phrase, "or is a member of the victim's household who has lived in the household," resolved this point by requiring household membership and an unspecified period of residency for nonrelatives, and in light of this history could not have been intended to require residency for relatives.

Our interpretation is supported by *People* v. *Jeffers* (1987) 43 Cal.3d 984 [239 Cal.Rptr. 886, 741 P.2d 1127], which held the requirement of household member status for nonrelatives refers to the defendant's status at the time of the offense rather than at the time of sentencing. One of the reasons given for this conclusion was that otherwise, the victim's mother and a boyfriend offender could marry before sentencing and thereby make the offender eligible for probation as a stepparent "even though he had never lived in the victim's household." (*Id.* at p. 999.)

The error was harmless, however, for it is not reasonably probable the court would have found Gutierrez eligible for probation had it considered the remaining three factors prescribed by subdivision (c). The key question was whether imprisonment was "not in the best interest of the child." (Pen. Code, § 1203.066, subd. (c)(2).) It is inconceivable that the court would have found a grant of probation to be in Olivia's best interest. Gutierrez conceded he did not provide child care for the victim, and it does not appear he provided any financial support. Olivia's best interest did not require any further contact between the two; in fact, the probation report strongly recommended against it. In a presentence memorandum defense counsel's sole argument on the question of Olivia's best interest was that she

might later feel guilty for causing Gutierrez's imprisonment. This argument was unsupported by any offer of proof and was contradicted by the probation report, which indicated Olivia "becomes very upset when she accidently sees [Gutierrez] in the local market and cannot understand why he is still on the street." Gutierrez was not even a father figure to Olivia. (See *People* v. *Jeffers, supra,* 43 Cal.3d at p. 997.)

Accordingly, despite the court's erroneous reasoning as to subdivision (c)(1), it is not reasonably probable the court would have found Gutierrez eligible for probation had the error not occurred. The error does not require resentencing. (See *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)[1]

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

A petition for a rehearing was denied November 16, 1987, and appellant's petition for review by the Supreme Court was denied March 2, 1988.

---

[1] The Attorney General argues the error was harmless because the court's decision to sentence consecutively indicates it would not have granted probation had Gutierrez been eligible. This argument is flawed in that the decision to sentence consecutively is based on factors relating to the crime and the defendant (see Cal. Rules of Court, rules 421, 423, & 425), whereas probation eligibility under section 1203.66 depends on harm to the victim which might result from imprisonment. (See *People* v. *Manners* (1986) 180 Cal.App.3d 826, 833 [225 Cal.Rptr. 798].) If the victim's best interest calls for probation, it could be granted despite aggravating factors concerning the crime and the defendant.