Filed 6/22/23  P. v. GonzalesHailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C096497 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-00695) |
| v. | |
| ANTONIO JAMES GONZALESHAILEY, | |
| Defendant and Appellant. | |

Pursuant to negotiated plea agreement, defendant Antonio James GonzalesHailey entered a plea of no contest to the crime of willful infliction of corporal injury resulting in a traumatic condition upon R., with whom defendant was in a dating relationship, and admitted he committed this offense within seven years of a previous conviction for the same offense.  In exchange for defendant's plea, the prosecution agreed to a middle term cap of four years in state prison, with a possibility of defendant being placed on probation for three years and serving one year in the county jail.  The trial court sentenced

1

defendant to state prison for four years. On appeal, defendant contends the trial court abused its discretion in denying him probation. We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

The nature of the contention raised in this appeal does not require a detailed recitation of the factual and procedural background. The following brief summary will suffice.

In March 2021, defendant was charged with willfully inflicting corporal injury resulting in a traumatic condition upon his girlfriend, R., within seven years of a previous conviction for the same offense, in violation of Penal Code section 273.5, subdivision (f)(1). (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)

Defendant agreed to enter a plea of no contest to this offense in exchange for a middle term cap of four years in state prison, with a possibility of defendant being placed on probation for three years and serving one year in the county jail. Defendant acknowledged on the plea form, however, that he understood he was not eligible for probation, and therefore would "not be granted probation unless the court finds at the time of sentencing that this is an unusual case where the interests of justice would be best served by granting probation."

Before defendant entered his no contest plea, in addition to other required advisements, the trial court went over the terms of the plea agreement with defendant, including his ineligibility for probation unless the trial court were to make an unusual case finding at sentencing, adding "but there is no guarantee of that." Defendant stated that he understood.

After defendant's plea, the prosecutor stated that the factual basis for the plea could be found in the police report, which indicated that defendant repeatedly hit the

2

victim, R., with whom he was in a dating relationship, causing a laceration on her forehead that was approximately one inch long.

At the sentencing hearing, defendant's counsel asked the trial court to grant probation, arguing that defendant's "mental health issues" and drug use have "been an issue" for him, he was previously granted probation in Sacramento County and ordered to complete mental health classes, and while he has been in custody, he has taken various other classes including anger management, domestic violence, and substance abuse classes.

Defendant also made the following statement: "Your Honor, I come before you today to show I've got a certificate for domestic violence, anger management, and substance abuse. And I come before you as a rehabilitated man still on the path under rehabilitation. I have completed the courses. I've earned certificates. I hope that shows that I want to change my life. I also have a 52-week batterer's treatment class and a four-week mental health class that I have to show before a judge in Sacramento County that granted probation by you. [*sic*] I would gladly come and show you also that I have completed probation in Sacramento County. And that, you know, I – I have mental health issues. [¶] I have a mother that has had two brain aneurysms and does not have long to live. And I was just informed that I've been diagnosed with HIV. And I would like to go home to see my mother gets proper treatment and better my life. I'm just asking you to give me the chance. You won't regret it. Thank you, your Honor."

The prosecution argued the trial court should not make an unusual case finding, noting defendant "has a long history of drug abuse," his criminal history "is replete with violations of probation" and "domestic violence convictions," and "[s]o the classes don't appear to be working whether he completes them or not. He's not learning from the ability to be rehabilitated at the local level as indicated in the criminal history going back to 2010." The prosecutor concluded: "It doesn't appear that there is any period of significant time between one incident and the next incident. And this defendant is a

danger to the victim and to the community. And he is not amenable to supervision. We do not believe that a further grant of probation, notwithstanding that he's currently on one probation in Sacramento County, will do anything to rehabilitate him. And unfortunately, we're at the stage that he needs to be removed from society so society can be protected."

The trial court denied probation and sentenced defendant to serve four years in state prison. Reviewing defendant's criminal history, the trial court stated: "In this matter, the defendant has started out in 2010, first contact with the criminal justice system, almost exclusively in Sacramento and Yolo counties. He has drug offenses. He starts out with misdemeanor cohabitant battery in 2013, two incidents. More drug offenses. And then he picks up a felony in 2013 out of Sacramento County in which he does 90 days in the County Jail at the initial sentencing. He violated probation six times. Committed another battery. And while he was on probation from the first felony [violation of section] 273.5 in Sacramento County, he re-offends and picks up another felony [violation of section] 273.5. And he violates probation four times on that case. He continues with a battery, assaultive types of offenses, failing to appear in court. And then in 2021 he receives another felony grant of probation with one year in the County Jail. That did not get his attention. So essentially he has three or four prior felony convictions, and they are all felony [violations of section] 273.5[]." The trial court then explained that defendant was not eligible for probation without an unusual case finding, and after reviewing the facts of the current offense, concluded "[n]o unusual case finding can be made." Finally, the trial court also concluded defendant was "not a suitable candidate for a grant of probation" even if he were eligible, citing his "numerous prior convictions," his "unsuccessful" performance during previous grants of probation, and his "violent conduct that indicates a serious danger to society."

4

Defendant contends the trial court abused its discretion in denying him probation.

Because defendant had more than one prior felony conviction, he was subject to section 1203, subdivision (e)(4), which rendered him presumptively ineligible for probation unless the trial court found this to be an "unusual" case where the interests of justice would be best served by granting probation. (§ 1203, subd. (e)(4).) Thus, the trial court was required to determine "whether the presumption against probation has been overcome pursuant to rule 4.413" of the California Rules of Court. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 177; further rule references are to the California Rules of Court.)

Rule 4.413 provides in relevant part:

"**(b) Probation in cases when defendant is presumptively ineligible**

"If the defendant comes under a statutory provision prohibiting probation 'except in unusual cases where the interests of justice would best be served,' or a substantially equivalent provision, the court should apply the criteria in (c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation.

"**(c) Factors overcoming the presumption of ineligibility**

"The following factors may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate: [¶] . . . [¶]

"(2) *Factors limiting defendant's culpability*

"A factor or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including:

"(A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence;

"(B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and

"(C) The defendant is youthful or aged, and has no significant record of prior criminal offenses."

"A denial of a grant of probation generally rests within the broad discretion of the trial court and should not and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner." (*People v. Edwards* (1976) 18 Cal.3d 796, 807.) The same abuse of discretion standard applies to the review of the trial court's determination of whether a case is an unusual one permitting probation. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.) The " ' "burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)

Defendant argues the trial court "acknowledged [his] many certificates and achievements in the most recent period of time and the probation officer explicitly recognized noteworthy, unusual circumstances which could call for probation despite presumptive ineligibility," specifically: " 'The defendant appears to have been addicted to methamphetamine at the time of the crime. His use of methamphetamine may have impacted his mental state and contributed to his crime. The crime was committed because of mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation ([r]ule 4.413(c)(2)(B)).' " Defendant argues "surely it is an unusual circumstance that a person[] with [his] history and drug addiction amassed all of his certificates of achievements and progress in very recent times." There is no merit to these arguments.

First, while the trial court did not specifically mention the probation officer's apparent determination that the factor set forth in rule 4.413(c)(2)(B) was satisfied, or

explicitly state that it disagreed with that assessment, the trial court's stated reasons for not finding an unusual case suggest that was the trial court's conclusion. This was not an abuse of discretion. Assuming that defendant in fact battered the victim because of a methamphetamine addiction that impacted his mental condition, that alone is insufficient to support an unusual case finding. The trial court would also have to have found "a high likelihood that [he] would respond favorably to mental health care and treatment that would be required as a condition of probation." (Rule 4.413(c)(2)(B).) The trial court repeatedly noted defendant's many probation violations over the years before determining this was not an unusual case. Given defendant's abysmal performance during his previous grants of probation, a conclusion that defendant did not have a high likelihood of following through with any ordered mental health treatment was not an abuse of discretion.

Second, even if the trial court accepted that the factor was technically satisfied, this would not mandate an unusual case finding. "Under rule 4.413, the existence of any of the listed facts does not necessarily establish an unusual case; rather, those facts merely '*may* indicate the existence of an unusual case.' [Citation.] This language indicates the provision 'is permissive, not mandatory.' [Citation.] '[T]he trial court may but is not required to find the case unusual if the relevant criterion is met under each of the subdivisions.' " (*People v. Stuart, supra*, 156 Cal.App.4th at p. 178.)

This brings us to defendant's certificates. The entirety of defendant's argument on appeal is that, in addition to the factor set forth in rule 4.413(c)(2)(B) being satisfied, it is his successful accumulation of certificates that makes this an unusual case. The trial court "accept[ed] the representation that he completed all the classes," but nevertheless found this was not an unusual case. This was not an abuse of discretion. Just as "[a] previous course of good conduct and good standing in the community is not 'reasonably related' (see rule 408(a)) to the decision of whether an offense constitutes an 'unusual case where the interests of justice would be best served' by granting probation" (*People*

7

*v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1229 (*Dorsey*)), the fact that defendant completed various rehabilitative courses after the offense does not alone render his commission of that offense "unusual" within the meaning of rule 4.413.  As the *Dorsey* court explained, "if the statutory limitations on probation are to have any substantial scope and effect, 'unusual cases' and 'interests of justice' must be narrowly construed and, as [the rule] provides, limited to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced."  (*Dorsey*, at p. 1229.)

Finally, in addition to concluding defendant was not eligible for probation because this was not an unusual case, the trial court also ruled that probation would not be granted even if he was eligible because of his "numerous prior convictions," his "unsuccessful" performance during previous grants of probation, and his "violent conduct that indicates a serious danger to society."  These are proper reasons for denying probation.  (See rule 4.414(a)(4), (b)(1), (b)(2).)  Thus, even if we were to conclude that the trial court abused its discretion in not finding this to be an unusual case, the record clearly demonstrates the trial court would not have granted probation in any event.  The trial court said as much on the record.  Any assumed error was therefore manifestly harmless.  (See *People v. Gutierrez* (1987) 195 Cal.App.3d 881, 885 ["despite the court's erroneous reasoning . . . it is not reasonably probable the court would have found [the defendant] eligible for probation had the error not occurred"].)

In sum, we conclude the trial court did not abuse its discretion in denying defendant probation.

DISPOSITION

The judgment is affirmed.

                                                                  
HULL, Acting P. J.

We concur:

DUARTE, J.

EARL, J.