Filed 1/3/25  P.v. Torres CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARCOS MIGUEL TORRES,<br><br>  Defendant and Appellant. | F087533<br><br>(Super. Ct. No. MCR065313)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Katherine M. Rigby, Judge.

Matthew J. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, Lewis A. Martinez, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury found defendant Marcos Torres guilty of involuntary manslaughter, gross vehicular manslaughter while intoxicated, driving under the influence of an alcoholic

beverage causing injury, and driving with a blood alcohol content of 0.08 percent or more causing injury. He was sentenced to eight years, four months. On appeal, Torres argues the trial court erred in concluding he was presumptively ineligible for probation. He also argues the court did not meet its statutory obligation to consider his youth as a contributing factor in the commission of the offense as required under Penal Code section 1170, subdivision (b)(6)(B).[1] We reject his claims and affirm.

## PROCEDURAL BACKGROUND

On March 2, 2022, the Madera County District Attorney filed an information charging Torres with second degree murder (§ 187, subd. (a); count 1); gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count 2); driving under the influence causing injury (Veh. Code, § 23153, subd. (a); count 3); and driving with a .08 percent blood alcohol content causing injury (Veh. Code, § 23153, subd. (b); count 4). As to counts 3 and 4, the information alleged that Torres proximately caused bodily injury to multiple victims (Veh. Code, § 23558) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

A jury found Torres guilty of involuntary manslaughter on count 1, the lesser included offense of second degree murder. He was found guilty as charged on counts 2 through 4. The jury also found true the great bodily injury and multiple victim enhancement allegations on counts 3 and 4.

On January 23, 2024, the trial court denied probation and sentenced Torres to an aggregate term of eight years, four months as follows: on count 2, six years, and on count 3, eight months, plus a one year personal infliction of bodily injury enhancement, plus two four month multiple victim enhancements, to be served consecutively to the term on count 2. The court also imposed and stayed sentences on counts 1 and 4 pursuant to section 654; on count 1, three years, and on count 4, two years, plus a three year

---

[1] Undesignated statutory references are to the Penal Code.

personal infliction of bodily injury enhancement, plus two one year multiple victim enhancements.

## FACTUAL BACKGROUND

### A. The Prosecution

On November 8, 2019,[2] Torres worked at the barbershop he operated. He started drinking alcohol in the late afternoon and continued into the evening. Video surveillance at the barbershop showed Torres drinking that afternoon. He also sent messages over his cell phone application, Snapchat, regarding his alcohol consumption.

D.P. was a client of Torres. He went to the barbershop on the evening of November 8 to "hang out." It was common for people to go to the barbershop to drink alcoholic beverages and "hang out." At around 8 p.m., D.P. left the barbershop at the same time as Torres. D.P. was concerned Torres was "under the influence" and was not going to be able to drive safely, so he asked Torres if he could give him a ride. Torres said he was "fine." After Torres drove away in his pickup truck, D.P. followed him home because he was concerned Torres had "too much to drink."

On the evening of November 8, fifteen-year-old Jaycee Willet, along with her friends, K.B., R.C., M.M., and D.H. were at a house celebrating D.H.'s birthday. At around 8 p.m., they all left their friend's house in D.H.'s car. M.M. was driving. As M.M. drove through a residential intersection, Torres failed to stop at a stop sign and crashed into D.H.'s car.[3] D.P. watched as Torres "[blew] past" the stop sign. Torres was traveling at a high rate of speed and was exceeding the speed limit.[4] He slammed on his

---

[2] Undesignated dates are in the year 2019.

[3] The direction D.H.'s car was traveling did not have a stop sign controlling traffic. There was a stop sign controlling traffic in the direction Torres drove that night.

[4] A forensic analysis of electronic data from Torres's vehicle showed that at about five seconds prior to the crash, his vehicle was traveling at 81.6 miles per hour. At a half second prior to the crash, his vehicle was traveling at 28.2 miles per hour. The speed limit on the road Torres was traveling was 25 miles per hour.

brakes as he approached the intersection, but was going too fast to stop before crashing into D.H.'s car.

Police and emergency medical personnel responded to the scene. Willet suffered blunt impact head and thoracic injuries from the accident and died at the hospital shortly thereafter. K.B. suffered a broken leg. R.C. suffered lacerations to the side of his face. D.H. suffered chest pains. M.M. left the scene after the accident.

Police Sergeant Wilmer Inzunza arrived at the scene of the accident around 9:30 p.m. to investigate. When Inzunza arrived at the scene, he met with another officer, who advised him that Torres, the pickup truck's driver, was believed to be at fault for the accident and was sitting in the backseat of the officer's patrol vehicle. Inzunza had Torres step out of the patrol vehicle so he could speak to him. Torres smelled of alcohol, had red watery eyes, and slurred speech. He said he consumed two "beers" while working at his barbershop prior to leaving at around 8:45 p.m.

Torres performed a series of field sobriety tests and exhibited signs and symptoms of "alcohol intoxication" which showed he was unable to safely operate a motor vehicle. Alcohol screening breath tests taken a little after 10 p.m. measured Torres's blood alcohol content at 0.108 and 0.106 percent.

## B. The Defense

Torres admitted he drank alcohol while he worked in the late afternoon to early evening of November 8. He did not dispute the cause of the accident and admitted he ran the stop sign and was at fault. He also did not dispute Willet's cause of death, the degree of Willet's injuries, the California Highway Patrol's analysis of the vehicle records, or the accuracy of the blood alcohol test results.

4.

## I. The Trial Court Did Not Commit Prejudicial Error in Denying Probation to Torres

Torres argues the trial court erred in determining he was presumptively ineligible for probation under section 1203, subdivision (e)(3) because his convictions did not require specific intent. He further argues, assuming his claim is forfeited, that defense counsel was ineffective for failing to object to the court's denial of probation on the erroneous ground that he was presumptively ineligible, and the error was prejudicial requiring remand for resentencing.

The People respond Torres forfeited his claim. Reaching the merits, the People agree, as do we, the trial court erroneously determined that Torres was presumptively ineligible for probation under section 1203, subdivision (e)(3).[5] However, the People maintain the error was harmless because the court still properly exercised its discretion in denying Torres probation, thus, there was not a reasonable probability of a more favorable result. We agree with the People.

### A. Additional Background

Several individuals spoke on behalf of Willet prior to sentencing. These individuals discussed the emotional impact Willet's death had on their lives and the life of Willet's family, including the death of Willet's father from heart failure just days after her death. Some of the individuals also requested the trial court impose the greatest possible sentence and deny probation. Willet's mother made a statement describing the devastation and emotional impact Willet's death had on her life and requested the court to deny probation.

---

[5] The trial court initially said that Torres was presumptively ineligible for probation under section 1203, subdivision (e), which prohibits probation "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation." (§ 1203, subd. (e).) The parties agree, as do we, Torres was not presumptively ineligible for probation.

Defense counsel's sentencing brief asked the trial court to grant Torres probation because he has two young daughters, and noted the primary considerations in granting probation are the safety of the public, the interests of justice, the loss to the victim, and the needs of the defendant. (§ 1202.7.) Defense counsel's brief stated California Rules of Court,[6] rules 4.413 and 4.414, and specifically argued that several factors under rule 4.414, criteria affecting probation, applied to Torres. Defense counsel set forth other factors under rule 4.421, circumstances in aggravation, and rule 4.423, circumstances in mitigation, and urged the court to consider those factors when determining whether to grant or deny probation.

Similarly, the prosecutor's sentencing memorandum discussed rules 4.421 and 4.423 and asked the trial court to consider those rules when imposing Torres's sentence.

At the sentencing hearing, defense counsel argued that Torres was deserving of probation because he was a youth at the time the incident occurred, was at the lowest potential for recidivism under the probation report's risk-needs assessment and lacked a criminal history. Defense counsel also pointed out that Torres is not "a danger to the community because he last consumed alcohol the day of the event …." However, defense counsel said he understood "if the court [did] not see fit to impose probation" because of the seriousness of the accident, Torres had been "drinking", and a death occurred.

The trial court's reasoning, in full, for denying Torres probation is set forth as follows:

> "[D]efendant is presumptively ineligible for probation pursuant to … [s]ection 1203[,] [subdivision] (e)(3). The [c]ourt looks to the [California] Rules of Court, specifically [rule] 4.413 to consider … if any factors exist to overcome the presumption as well as the code section [1170, subdivision (b)(1)] discussed during argument today. [¶] The [c]ourt sees that the only applicable factor would be possibly [r]ule … 4.413(c)(2)(c), as

---

[6] Undesignated rule references are to the California Rules of Court.

6.

[defense counsel] discussed, the defendant is youthful or aged and has no significant record or prior criminal offenses given that the defendant was approximately 24 years old at the time of the offense; however, the [c]ourt does not find that this factor overcomes the presumption, and such factors including but [are] not limited to … [rule] …4.414, factors related to the crime, specifically [rule] 4.414(a)(1), that the defendant was convicted by a jury of … [a] statutorily serious felony [and] [rule] 4.414(a)(4), as we heard [the prosecutor] discuss that there was physical injury to multiple passengers of the vehicle in the collision that evening, and one young woman lost her life.

"The [c]ourt has considered the evidence and testimony that I saw and heard during the trial. I have considered the documents that I have read and considered for today's sentencing. And having considered the statements and arguments made by counsel today and the statements made by individuals on behalf of both parties today, the [c]ourt does not find that the presumption has been overcome or that the interest[s] of justice are served by granting probation."

## B. Forfeiture

Generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356 (*Scott*).) The trial court erroneously stated Torres was presumptively ineligible for probation under section 1203, subdivision (e)(3). However, defense counsel did not object to the finding that Torres was presumptively ineligible for probation.

Further, in denying probation, we acknowledge the trial court did not address all the criteria affecting whether to grant or deny probation set forth under rule 4.414. The reason appears to be because the court was not asked to make such a finding. "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208.) Torres has forfeited the issue.

## C. Ineffective Assistance of Counsel

Assuming the issue is forfeited, Torres contends his counsel was ineffective in failing to object to the trial court's application of section 1203, subdivision (e)(3) or its evaluation of criteria affecting his probation.

" 'In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome.' " (*People v. Gamache* (2010) 48 Cal.4th 347, 391.)  We apply "a presumption counsel acted within the wide range of reasonable professional assistance," unless "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)  " '[A] court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice … that course should be followed.' " (*People v. Lepere* (2023) 91 Cal.App.5th 727, 738.)

### 1. Torres Fails to Show Defense Counsel's Performance was Deficient

Here, the record fails to disclose the reason defense counsel did not object or request further clarification when the trial court said Torres was presumptively ineligible for probation.[7]  Therefore, we cannot find ineffective assistance of counsel unless there is

---

[7] The parties agree, as do we, the record does not show why defense counsel failed to argue that Torres was not presumptively ineligible for probation.  We note Torres's claims are more appropriately made in a petition for habeas corpus.

no " ' "conceivable tactical purpose" ' " for defense counsel's actions. (*People v. Earp* (1999) 20 Cal.4th 826, 896.)

In assessing whether defense counsel had a tactical purpose for his actions, we first note defense counsel argued extensively in favor of probation in his sentencing brief and used all applicable laws, including rule 4.414 (criteria affecting probation), which requested the trial court to exercise its discretion regarding its decision as to whether to grant or deny probation. At the sentencing hearing, after the court erroneously stated Torres was presumptively ineligible for probation, the court also exercised its discretion and set forth additional reasons why probation should be denied to Torres, even if he was not presumptively ineligible. We find there was a reasonable tactical purpose for defense counsel's actions because the record shows the court also exercised its discretion when denying Torres probation; any objection would have been futile. (See, e.g. *People v. Weaver* (2001) 26 Cal.4th 876, 931.)

### 2. Torres Fails to Show Prejudice

Moreover, Torres cannot demonstrate that but for the error it is reasonably probable that a result more favorable would have been reached. (*People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*); *People v. Gutierrez* (1987) 195 Cal.App.3d 881, 885.)

The decision whether to grant or deny probation is within the trial court's broad discretion. (*People v. Welch* (1993) 5 Cal.4th 228, 233.) "[T]he defendant bears a heavy burden when attempting to show an abuse of that discretion." (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) In reviewing a determination as to whether to grant or deny probation, "it is not [the appellate court's] function to substitute our judgment for that of the trial court." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 825.) "Our function is to determine whether the trial court's order granting probation is arbitrary[,] … capricious[,] or exceeds the bounds of reason considering all the facts and circumstances." (*Ibid*.) The court is presumed to have considered relevant criteria in the

9.

California Rules of Court pertaining to the grant or denial of probation absent a record affirmatively reflecting otherwise.  (See, rule 4.409.)

Rule 4.414 sets forth criteria affecting a trial court's decision to grant or deny probation, which applies when the defendant is not presumptively ineligible.  The Legislature also delineated primary considerations when deciding whether to grant probation, which are, " '[t]he safety of the public …, the nature of the offense[,] the interests of justice, … the loss to the victim[,] and the needs of the defendant[.]' " (§ 1202.7; see also *People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1157.)

The record before us shows that after the trial court stated Torres was presumptively ineligible for probation, the court also set forth additional reasons why he should be denied probation.  The court denied probation, considering, as to rule 4.414, the nature, seriousness, and circumstances of the crime compared to other instances of the same crime (rule 4.414(a)(1)) and whether Torres inflicted physical injury upon the victims (rule 4.414(a)(4)).  The court noted Torres was convicted by a jury of a statutorily serious felony, signaling the court's overriding concern that probation was not in the interests of justice; there was physical injury to multiple passengers to the vehicle that night, and 15-year-old Willet died.  The court's finding it was not in the interests of justice to grant Torres probation is supported by the facts of this case.  These findings alone were sufficient to deny him probation.  (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157, 1158 (*Mehserle*) [the court's consideration of the " 'nature and seriousness of the offense' is sufficient" to deny probation].)

The facts and circumstances of the case were also considered when the trial court declined to grant Torres probation.  (Rule 4.408(a); *People v. Birmingham* (1990) 217 Cal.App.3d 180, 185 [the "decision to grant or deny probation requires consideration of all the facts and circumstances of the case"].)  Specifically, the court said it considered

the evidence and testimony at trial and all other relevant sentencing factors, including the arguments by counsel and in competing sentencing memoranda.[8]

Moreover, the trial court considered the multiple statements offered on behalf of Willet, which described the emotional impact of the offense on Willet's family and friends after her death. (*Mehserle, supra,* 206 Cal.App.4th at p. 1158 [a sentencing court may consider the emotional and financial impact of the offense on the victim's family in deciding whether to deny probation].) The court also discussed rule 4.410 during sentencing, which considers general sentencing objectives that are appropriate to consider when deciding whether to grant or deny probation. (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1312.)

Torres argues remand is necessary because although the trial court referenced criteria affecting probation under rule 4.414, it did not address all the criteria applicable to Torres[9] and did not appropriately weigh the criteria. While the court could have done a more thorough analysis of the all the criteria set forth under rule 4.414, we find it appropriately considered two factors which weighed strongly in favor of denying Torres probation. (Rule 4.414(a)(1), (a)(4).) Thus, although the court first erroneously found Torres presumptively ineligible for probation, it also found the interests of justice would not be served by granting probation, considering the nature and seriousness of the

---

[8] In defense counsel's sentencing brief, he weighed the factors under rule 4.414 and section 1202.7. Both defense counsel and the prosecutor also agreed there was at least one factor in aggravation, the crime involved great bodily harm (rule 4.421(a)(1)). In addition to the reasons stated above, we note it was also appropriate for the trial court to consider this aggravating factor in denying Torres probation. (Rule 4.414(c) [the court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial].)

[9] Torres appears to contend that more than the two factors set forth by the trial court under rule 4.414 apply to him, without informing us which additional factors those are.

11.

offense, the physical injury to several victims, and the death of Willet. The record shows the trial court would not have granted Torres probation even without the court's initial finding that he was presumptively ineligible.[10] (See, e.g. *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [remand not necessary when the record "clearly indicated" the court would not, in any event, have exercised its discretion to lessen the sentence]; *People v. Price* (1991) 1 Cal.4th 324, 492 ["When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper."].)

Any error in finding Torres was presumptively ineligible for probation was harmless since it was not reasonably probable that the trial court would have otherwise found him eligible for probation. The error does not require resentencing. (*Watson, supra,* 46 Cal.2d at p. 836.)

## II. Trial Court Did Not Commit Prejudicial Error in Failing to Sentence Torres to the Lower Term

Torres argues that the matter must be remanded for resentencing under section 1170, subdivision (b)(6)(B) because he was 24 years old at the time of the incident. (§ 1016.7, subd. (b) [a " 'youth' " for purposes of § 1170 includes any person under 26 years of age on the date the offense was committed].) The People respond Torres forfeited his claim. In the alternative, the People claim there was no evidence that shows Torres's youth was a contributing factor in the commission of the offense. The People also contend there was at least one aggravating factor sufficient to justify imposition of the middle term. We agree Torres forfeited his claim, there is nothing in the record that shows his youth was a contributing factor to the commission of the offense, and conclude the court did not abuse its discretion in imposing the middle term.

---

[10] We note the trial court also chose to impose the greatest sentence possible and did not strike the enhancements given the facts and circumstances of this case.

### A. Additional Background

In competing sentencing memorandums, the prosecutor argued for imposition of the upper term sentence based on aggravating factors that were stipulated to by Torres but were not pled or proven to the court or jury. The prosecutor argued that three aggravating factors were present: the crime involved great bodily harm (rule 4.421(a)(1)), the victim was particularly vulnerable (rule 4.421(a)(3)), and the defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1).) Defense counsel argued against imposition of the upper term because the aggravating factors were not properly pled and proven to a jury or court in a court trial. Defense counsel also argued that the mitigated term was appropriate because Torres was a youth at the time of the incident.

At the sentencing hearing, the prosecutor stated:

> "[T]he court, in its sound discretion, can order the sentence not to exceed the median term … [section 1170 subdivision (b)(6)(B)] talks about whether or not [Torres's youth] is a contributing factor in the commission of the offense. I do [not] believe that there is information in this case that it is at all a contributing factor with regards to [Torres's] choices in this case. I do [not] believe that it is controlling, and I believe that subsection (b)(1) would still give the [c]ourt discretion to impose up to the median term[.]"

In response, defense counsel argued:

> "I think that youth is widely recognized to be a contributing factor in … committing these sorts of bad acts. And under … [section 1170, subdivision (b)(6)(B)] [Torres] is a youth or was a youth as defined under 1016.7, which is under the age of 26."

The trial court initially noted Torres was "approximately 24 years old at the time of the offense." Then, the court stated its reasoning for imposing the middle term as follows:

> "[R]ule 4.410(a) states in pertinent part that the general objectives at sentencing include protecting society, punishing the defendant, encouraging the defendant to lead a law abiding life in the future and deter him from future offense, deterring others from criminal conduct by demonstrating its

13.

consequences, preventing the defendant from committing new crimes by isolating him for the period of incarceration, securing restitution for the victims of the crime, achieving uniformity in sentencing and increasing public safety by reducing recidivism through community based corrections programs and evidence based practices.  The [c]ourt must impose the middle term unless [rule] 4.420(b) applies, which is the [c]ourt may … choose an upper term … when, one:  There are circumstances in aggravation of the crime that justify the imposition of an upper term; and two, the facts underlying those circumstances have been either stipulated to by the defendant, found true beyond a reasonable doubt at trial by a jury, or found true beyond a reasonable doubt by the [court] in a court trial.

"Defendant stipulated to facts that the People argued in their papers the [c]ourt can consider in order to impose the aggravated term; however, based on the documents submitted to the [c]ourt, the arguments and the [c]ourt's consideration of cases … the factors the People are now asserting in aggravation need to be proven to a jury.

"With respect to the great bodily harm factor specifically, the jury found the defendant caused great bodily injury; however, the [c]ourt cannot impose the aggravated term based on this jury finding alone, because … [s]ection 1170[, subdivision] (b)(5) states that the [c]ourt may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law.  The great bodily injury enhancement … [d]oes add to the term, so the [c]ourt will not consider it with respect to the … upper term.  And the [c]ourt for the reasons stated previously with regard to mitigation and probation, is not going to be striking the enhancements.

"For all of these reasons, the [c]ourt cannot and will not be imposing the aggravated term."

## 1. Forfeiture

Torres challenges the trial court's failure to expressly consider his youth and section 1170, subdivision (b)(6)(B).  In his reply, Torres argues against forfeiture, maintaining his appeal is not a complaint about the way the court exercised its sentencing discretion or about the court's articulation of the reasons supporting the sentence.  Torres claims the court misunderstood its sentencing obligation; it sentenced him under section 1170, subdivision (b)(1) when it was "legally compelled" to sentence him under section 1170, subdivision (b)(6)(B).

14.

Section 1170, subdivision (b)(6), applies if one of the enumerated circumstances " 'was a contributing factor in the commission of the offense' " and the court does not find aggravating factors outweigh " 'the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice.' " (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1044 (*Achane*); see also *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991-992 (*Fredrickson*).) *Achane* held that a court's decision whether to apply this provision "depends on both factual determinations and the exercise of discretion." (*Achane,* at p. 1044.) Thus, the consideration of whether to impose a sentence pursuant to section 1170, subdivision (b)(6)(B), is an exercise of discretion[11] and follows that the sentence is not one that " 'could not lawfully be imposed under any circumstance in the particular case.' " (*Achane* at p. 1044; quoting *Scott*, *supra*, 9 Cal.4th at p. 354.) The *Achane* court held the defendant's claim was forfeited. (*Achane* at pp. 1044–1047.)

Providing a different analysis on the issue of forfeiture, the *Fredrickson* court found that the defendant does not forfeit his claim for failure to object or raise the issue that section 1170, subdivision (b)(6)(B), should apply where the defendant challenges the court's " 'misapprehension' " of its statutory sentencing obligations, or failure to expressly consider the defendant's youth and the lower term presumption at the time of sentencing. (*Fredrickson, supra,* 90 Cal.App.5th at p. 994, fn. 8; see *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*) [no forfeiture where the defendant "does not challenge the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations"].)

Considering these authorities, we turn to the case before us. We do not believe the trial court misapprehended its statutory sentencing obligation, as Torres claims, when it

_____

[11] Torres argues the trial court abused its discretion. While he attempts to argue against forfeiture, this case falls squarely under the forfeiture doctrine as stated in *Achane*. (*Achane, supra,* 92 Cal.App.5th at p. 1044.)

failed to expressly state section 1170, subdivision (b)(6)(B) on the record. It is apparent the court was aware of Torres's age at the time of the incident. The court acknowledged he was "24 years old at the time of the offense." Moreover, both defense counsel and the prosecutor made their arguments at the sentencing hearing with respect to whether section 1170, subdivision (b)(6)(B) applied in this case. We must presume, in the absence of an indication to the contrary, that the court considered Torres's youth under section 1170, subdivision (b)(6)(B), but since no facts were offered by any party showing that his youth was a "contributing factor" in the commission of the offense, the court concluded its discretion was not constrained. (See *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 [it is well established that a trial court is presumed to be aware of, and follow, the law in exercising its sentencing discretion].)

We find Torres's contentions regarding the trial court's failure to expressly discuss or sentence him under section 1170, subdivision (b)(6)(B) forfeited. However, we will address the merits of this issue to forestall any later claim of ineffective assistance of counsel. (See *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6; *People v. Crittenden* (1994) 9 Cal.4th 103, 146.)

## 2. Merits

As stated above, section 1170, subdivision (b)(6)(B) makes the lower term sentence the presumptive maximum term of imprisonment if a defendant's "youth" was a "contributing factor" in his commission of the offense. (§ 1170, subd. (b)(6)(B).) "The statute does not mandate a presumption in favor of the lower term in every case in which the defendant was under age 26 at the time the crime was committed." (*Fredrickson, supra,* 90 Cal.App.5th at p. 991.) To trigger the statutory presumption that the lower term sentence should be imposed, there must be some initial showing that the defendant's youth was a "contributing factor." (*Id.* at p. 992.) It is not enough to only show that defendant was under 26 years old at the time of the underlying offense. (*Ibid.*) While it may seem reasonable to presume a defendant's youth is a contributing factor whenever a

16.

youth commits a crime, the Legislature opted to require a finding of causation as to all the circumstances in section 1170, subdivision (b)(6), and "we have no authority to rewrite the statute." (*Id*. at p. 993, fn. 7; *In re I.A.* (2019) 40 Cal.App.5th 19, 23 [appellate courts may not rewrite unambiguous statutes].)

We turn to what constitutes an initial showing. The *Fredrickson* court looked to the language in another First District case that dealt with what kind of initial showing is satisfactory to trigger the provisions of former section 1170.9. (*People v. Bruhn* (1989) 210 Cal.App.3d 1195, 1199 (*Bruhn*).) In *Bruhn*, the court observed that "the defendant must make an initial showing that he served in combat while a member of the United States Armed Forces and that he suffers from substance abuse or other psychological problems resulting from that service." (*Ibid*.) There, the record established the defendant had served combat duty in Vietnam, where he used heroin and other drugs, was having difficulty functioning in society since his return to the United States, at the time of the offense was homeless, perpetrated the offense to secure the necessities of life, and there was evidence that the defendant suffered from posttraumatic stress disorder. (*Id*. at p. 1200.) Despite this preliminary showing, the court summarily sentenced the defendant, without indicating that federal commitment for treatment for substance abuse or psychological problems resulting from combat service under former section 1170.9 had been considered, which required remand since a satisfactory initial showing was made, and the court failed to exercise its discretion. (*Id*. at pp. 1200–1201.)

Similarly, in *Panozo, supra,* 59 Cal.App.5th at page 837, there was a sufficient initial showing of the defendant's service-related diagnosis of posttraumatic stress disorder, alcohol abuse, and other mental health issues arising out of his service as a United States Marine in Iraq, under section 1170.91. Defense counsel argued at sentencing that his client's crimes were the byproduct of his military service and the defendant provided "documentation to support his diagnosis and request for treatment." (*Id*. at pp. 837–838.) Since the trial court failed to consider the initial showing of

17.

mitigating factors when it denied probation or imposition of the lower term, remand was required.  (*Id*. at p. 839.)

The *Fredrickson* court distinguished its case from *Bruhn* and *Panozo* when it concluded the trial court's failure to consider the lower term presumption did not require a remand because no "initial showing" by way of facts or evidence was made to demonstrate that the defendant's youth was a "contributing factor" in his commission of the crime.  (*Fredrickson, supra*, 90 Cal.App.5th at p. 994.)  While the defendant argued she had the "burden of making an initial showing *only* that she was under 26 years old at the time of the underlying offense," the court expressly disagreed.  (*Id*. at p. 992.)  The First District held that youth is a ground for the lower term presumption solely if it was " 'a contributing factor in the commission of the offense.' "  (*Ibid*.)

In the record before us, there are no facts or evidence to suggest that Torres's youth was a contributing factor in the commission of the offense.  For the first time at the sentencing hearing, defense counsel argued that youth is "widely recognized" to be a contributing factor in "committing these sorts of bad acts."  Torres argues on appeal that the hallmark feature of "youth" includes " 'immaturity, impetuosity, and failure to appreciate risks and consequences.' "  However, there is no further evidence or documentation to support the argument that Torres's youth caused his actions:  driving recklessly while intoxicated.[12]  His arguments would encompass every person driving recklessly under the influence that is under the age of 26 years old.  Merely because a defendant is under 26 years old at the time of the underlying offense disregards the plain statutory language requiring a finding of causation that makes youth a ground for the lower term presumption only if it was a "contributing factor" in the commission of the offense.  The Legislature did not intend that result.  (*Fredrickson, supra*, 90 Cal.App.5th

---

[12] We note nothing in the probation report or the facts of the prosecution's case demonstrates that Torres's youth was a contributing factor in the commission of the offense.

18.

at p. 993, fn. 7 [the finding of causation is an essential component to whether defendant's youth was a contributing factor].)

We do not find that the trial court abused its discretion in imposing the middle term because Torres failed to make a sufficient preliminary showing that his youth was a contributing factor in the commission of the offense.

Alternatively, Torres contends the trial court abused its discretion in imposing a middle term sentence under section 1170, subdivision (b)(1) because there were no circumstances in aggravation and three circumstances in mitigation.[13] First, we disagree with Torres's argument that the trial court sentenced him under section 1170, subdivision (b)(1) *instead* of under section 1170, subdivision (b)(6)(B). As set forth above, the court noted Torres's youth on the record and impliedly concluded that since there was no evidence that his youth was a contributing factor to the commission of the offense, the presumption was not triggered. Further, when the court discussed section 1170, subdivision (b)(1), read in context, the record is clear the court was responding to the People's supplemental sentencing brief, which extensively argued for imposition of the upper term based on aggravating factors that were not pled or proven to the court or jury. The court rejected the People's argument on that point, citing section 1170, subdivision (b)(1), and rightly stated the maximum sentence it would impose without properly pled and proven aggravating factors was the middle term. (See, § 1170, subd. (b)(1); rule 4.420(a), (b) [the middle term sentence should not be exceeded unless circumstances in aggravation of the crime justify the imposition of an upper term].)

However, even if the presumption was triggered, we find the trial court still properly exercised its discretion when it imposed the middle term sentence. Pursuant to

---

[13] While Torres argues there were three circumstances in mitigation, he only delineates two mitigating factors in his brief. We do not find additional mitigating factors on this record.

rule 4.420, when selecting between the middle and lower terms of imprisonment, the court may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision, even if the factors have not been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or by the court in a court trial.  (Rule, 4.420(d).)

Here, there were at least three aggravating factors present: the crime involved great bodily harm (rule 4.421(a)(1)), the victim was particularly vulnerable (rule 4.421(a)(3)), and Torres engaged in violent behavior that indicates a serious danger to society (rule 4.421(b)(1).)[14]  The trial court noted mitigating factors such as Torres's youth (rule 4.423(b)(6) and lack of criminal history (rule 4.423(b)(1).  The court also considered sentencing factors under rule 4.410 including, in pertinent part, protecting society and punishing Torres.  (Rule 4.410(a).)  The record shows the court exercised its discretion, considered relevant sentencing factors, and concluded imposition of the middle term was appropriate.  (See, § 1170, subd. (b)(1); rule 4.421.)  We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

FAIN, J.[*]

---

**14** We note the court said it would not consider that the crime involved great bodily harm under rule 4.421(a)(1) as an aggravating factor for imposition of the upper term because it relied on the same facts as the enhancement, where an additional term was already imposed.  (§ 1170, subd. (b)(5) [the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law].)  However, it was appropriate for the court to rely on this aggravating factor when considering whether to impose a lower or middle term.  (Rule 4.420(d).)

[*] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

WE CONCUR:

HILL, P. J.

SMITH, J.